**In the Matter of Noel SIMON, Bankrupt. No. 54682.**

United States District Court
E. D. New York.
Nov. 5, 1958.

Joseph D. Stim, Plainview, N. Y., for trustee, for the motion.

S. M. & D. E. Meeker, Brooklyn, N. Y., by Robert E. Lee, Brooklyn, N. Y., of counsel, for Williamsburgh Sav. Bank.

Samuel B. Weingrad, New York City, for bankrupt, in opposition.

RAYFIEL, District Judge.

The trustee in bankruptcy herein seeks to review an order, dated August 14, 1958, made by Hon. Louis J. Castellano, Referee in Bankruptcy, acting for Hon. Sherman D. Warner.

The trustee moved before Referee Castellano for an order directing the Williamsburgh Savings Bank of Brooklyn, New York, to turn over to him the proceeds of an escrow account in the sum of $121.35 which it had in its possession under the terms of a mortgage which it held on property known as 12 Joseph Court, Hicksville, Long Island.

The premises in question are owned by the bankrupt and his wife as tenants by the entirety. They purchased the property subject to the said mortgage, the agreement extending which provides "That in order more fully to protect the security of the said mortgage together with and in addition to the monthly payments of principal and interest payable under the terms of this agreement, the party of the second part will pay to the party of the first part on the first day of each month until the said obligation is fully paid, an installment of the taxes and assessments levied or to be levied against the premises covered by said mortgage; and an installment of premium or premiums that will become due and payable to renew the fire insurance and other hazards insurance covering said mortgaged premises in an amount or amounts and in a company or companies satisfactory to the party of the first part and for such periods as the party of the first part shall require. Such installments shall be equal, respectively, to the estimated premium or premiums for such insurance, and taxes and assessments next due (as estimated by the party of the first part) less all installments already paid therefor, divided by the number of months that there are to elapse before one month prior to the date when such premium or premiums and taxes, and assessments will become due. The party of the first part shall hold such monthly payments in trust to apply the same against such premium or premiums and taxes and assessments when due with the right, however, to the party of the first part to apply, after default, any

sums so received as provided in Paragraph 3 hereof and such payments and all payments to be made under the note secured by said mortgage shall be added together and the aggregate amount thereof shall be paid by the party of the second part each month in a single payment, to be applied by the party of the first part to the following items in the order set forth:

"I.   Taxes, assessments, fire and other hazards insurance premiums;

"II.   Interest on the unpaid balance of principal;

"III.   Amortization of the said principal sum."

The Referee having denied the motion, the trustee seeks this review.

In my opinion the Referee properly denied the trustee's motion.   The escrow account held by the bank is not such property as the trustee would be vested with under Section 70, sub. a(5) of the Bankruptcy Act (Section 110, sub. a(5), Title 11 U.S.C.A.).   The extension agreement provides that the mortgagor is to deposit the funds in the escrow account "in order more fully to protect the security of the mortgage", so that those funds, once deposited, are no longer within the control or jurisdiction of the bankrupt. A Justice of the New York Supreme Court found, with respect to this very escrow account, that a debtor and creditor relationship did not exist between the owner (bankrupt) and the mortgagee (bank), and, hence, that the escrow account was not subject to third party proceedings.   See Levine v. Simon, New York Law Journal June 19, 1957, Kusnetz, J.

Only in the event of the sale of the premises in question could the escrow account be assigned by the owner (bankrupt), in which case the purchaser would, by such assignment, become vested only with the interest of the seller in the fund, without the right to withdraw the same.

The petition for review is denied.