John P. Cohalan, Jr., J.
This is a motion of a judgment creditor seeking a turnover of moneys credited to the account of a debtor and his wife with a third party, College Point Savings Bank. The third party loaned moneys to the judgment debtor, evidenced by a bond executed August 3, 1965. On August 6, 1965 the judgment creditor obtained a judgment against Michael Annunziata, one of the mortgagor-obligors to the College Point Savings Bank. The College Point Savings Bank has received payments from Michael Annunziata and Noreen, his wife. The said debtor and his wife Noreen made deposits or payments for taxes and insurance upon their property, pursuant to the terms of the bond, which read as follows :
“ The obligee shall hold such monthly payments in trust (without interest) to apply the same against such taxes and assessments before same become delinquent, with the right, however, to the obligee to apply, after default, any sums to received on account of interest or principal in default. Any deficiency in the amount of any such aggregate monthly payment, shall unless made good by the obligor, prior to the due date of the next such payment, constitute a default under the mortgage.
“ If the total of the payments made by the obligor shall exceed the amount of payments actually made by the obligee for taxes and assessments as the case may be, such excess shall be credited *92 annually by the obligee on subsequent payments to be made by the obligor. If, however, the monthly payments made by the obligor shall not be sufficient to pay taxes and assessments when the same shall become due and payable, then the obligor shall pay to the obligee any amount necessary to make up the deficiency on or before the date when payment of such taxes and assessments shall be due.”
The judgment creditor contends that moneys so deposited are the property of the judgment debtor, Michael Annunziata, and as such are the subject of a turnover order pursuant to CPLR 5225, 5227. The third party, on the other hand, contends that the moneys are not the property of the judgment debtor, but money to be used for a specific purpose and may not be applied on the judgment or in reduction of the judgment held by the creditor.
There appear to be no cited cases in point.
The judgment is a lien against the real property pursuant to CPLR 5203. If the judgment debtor endeavored to dispose of his interest in the property, it would be subject to the lien of the judgment of the creditor. To that extent the creditor is protected. The creditor, however, has no interest in the moneys paid to the mortgagor-bank while any part of the principal and interest obligation is owing to the bank, any more than the judgment debtor himself would have. The fact that upon conveyance of the property and an assumption by a new owner of the mortgage obligation, the bank may permit the funds on deposit to be credited to the account of a new owner, does not in any way affect the trust status of the fund and the limitation of its use. For practical purposes, no reconveyancing of the property could properly be effected without providing for the disposition of the judgment lien. Until the obligation to the bank under the terms of the bond and mortgage is paid, the judgment debtor has no assignable interest in the so-called escrow moneys paid to the bank. To hold otherwise would disrupt the entire purpose of installment payments for taxes and insurance for which provisions have been made in thousands of mortgage investments. The payment and allocation of these moneys was never intended for the use and benefit of a judgment creditor of the property owner. The judgment creditor does benefit to the extent of having tax obligations of the judgment debtor paid and insurance premiums paid from such moneys for the protection of the property of the judgment debtor.
The motion for the turnover order is accordingly denied.