FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LINCOLN, APPELLEE, V. BOARD OF EQUALIZATION OF LANCASTER COUNTY, NEBRASKA, APPELLANT.
UNION LOAN AND SAVINGS ASSOCIATION, A CORPORATION, APPELLEE, V. BOARD OF EQUALIZATION OF LANCASTER COUNTY, NEBRASKA, APPELLANT.

152 N. W. 2d 8

Filed June 30, 1967. Nos. 36508, 36509.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, Walter D. Weaver, and Janice L. Gradwohl, for appellant.

Dean & Finnigan, John W. Delehant, and Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

First Federal Savings and Loan Association, the plaintiff in case No. 36508, is a building and loan association organized under the laws of the United States. Union Loan and Savings Association, the plaintiff in case No. 36509, is a building and loan association organized under the laws of Nebraska. Both plaintiffs are engaged in the business of making loans secured by mortgages upon real estate.

Generally, the plaintiffs require their borrowers to make monthly payments which are used to pay the interest upon the loan, the taxes and insurance upon the real estate which is the security for the loan, and re-

tire the principal. The payments which are to be used to pay the taxes and insurance upon the security are generally referred to as "advance payments" or "escrow payments."

On December 28, 1965, after notice and hearing, the amount of the advance payments held by each plaintiff on January 1, 1965, was added to the tax rolls as Class A intangible property by the Lancaster County Board of Equalization. The plaintiffs then appealed to the district court where the action of the board was set aside as erroneous and void. The board has now appealed to this court where the actions were consolidated for briefing and argument.

The cases turn on the question of the ownership of the advance payments. If the advance payments are the property of the plaintiffs, they are exempt from the intangible tax under section 77-719, R. R. S. 1943, which imposes a gross earnings tax upon the plaintiffs "in lieu of all other taxes on intangible property." If the advance payments are the property of the borrowers, then they are subject to the intangible tax and must be reported by the plaintiffs as property held by an agent, trustee, or other representative. § 77-713, R. R. S. 1943.

The relationship between the plaintiffs and their borrowers is one of contract. The rights and liabilities of the borrowers are determined by the loan instruments which evidence the agreement between the borrowers and the plaintiffs. Although there is some minor variance in the language used in the various instruments, depending upon the nature of the loan and whether it is one insured or guaranteed by an agency of the United States, the differences are not material to the question presented in these cases.

The testimony and the loan instruments which appear in the record show that the advance payment for taxes and insurance, where required, is as compulsory as the payment for interest and principal. The borrower's only right is to require that each payment be applied in ac-

cordance with the terms of the contract. The plaintiffs are not required to keep the advance payment funds separate, but are permitted to commingle and invest them and keep the earnings. Any surplus over and beyond the amount required to pay the taxes and insurance is used to reduce the principal of the loan. The borrower has no right to a refund while the principal indebtedness remains unpaid, but in some cases the association could make a refund at its option.

We think that the record shows that the advance payments for insurance and taxes, when made, become the property of the plaintiffs the same as any other payment required of the borrower. Other courts which have considered the question have reached a similar conclusion. See, In re Simon, 167 F. Supp. 214; Central Suffolk Hospital Assn. v. Downs, 213 N. Y. S. 2d 192; Valerio v. Colloge Point Savings Bank, 48 Misc. 2d 91, 264 N. Y. S. 2d 343.

It is unnecessary to consider the other matters discussed in the briefs. The judgment of the district court is correct and it is affirmed.

AFFIRMED.