Paul and Janice UMDENSTOCK and
Geraldine M. Jolly, Plaintiffs,

v.

AMERICAN MORTGAGE & INVEST-
MENT CO. OF OKLAHOMA
CITY et al., Defendants.

Civ. No. 72–673.

United States District Court,
W. D. Oklahoma.

April 17, 1973.

Don Porter, and Murray Cohen of Cohen & Pluess, Oklahoma City, Okl., for plaintiffs.

V. P. Crowe, D. Kent Meyers, William G. Paul and Harry A. Woods, Jr., of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendants, American Mortgage & Investment Co. of Oklahoma City, Capitol Federal Savings & Loan Ass'n., The Capitol Hill Savings & Loan Ass'n., Delta Mortgage Corp., Finance Corp., First Home Investment Corp. of Kansas, Inc., First Mortgage Co., Harry Mortgage Co., Home Federal Savings & Loan Ass'n of Oklahoma City, IDS Mortgage Corp., Glenn Justice Mortgage Co., Liberty Mortgage Co., Local Federal Savings & Loan Ass'n. of Oklahoma City, Mager Mortgage Co., Midland Mortgage Co., Midwest Mortgage Co., Mortgage Associates, Inc., Mutual Federal Savings & Loan Ass'n., Oklahoma City Federal Savings & Loan, Oklahoma Mortgage Co., Inc., Ponca City Savings & Loan Ass'n, Security Federal Savings & Loan Ass'n.

Henry F. Featherly of Lamun, Moch, Featherly & Baer, Oklahoma City, Okl., for defendants, The Lomas & Nettleton Co. and Charles F. Curry & Co.

Joe S. Rolston, III, Oklahoma City, Okl., for defendant, First Mortgage Co.

Lynn Bullis, Jr., and James M. Robinson, Oklahoma City, Okl., for defendants, American Mortgage & Investment Co. of Oklahoma City, Delta Mortgage Corp., Finance Corp., Harry Mortgage Co., Glenn Justice Mortgage Co., Lumberman's Investment Corp., Mager Mortgage Co., Midland Mortgage Co., Midwest Mortgage Co., Pool Mortgage Co.

James C. Chandler, Oklahoma City, Okl., for defendant, First Home Investment Corp. of Kansas, Inc.

## MEMORANDUM OPINION

BOHANON, District Judge.

The plaintiffs, Paul and Janice Umdenstock and Geraldine M. Jolly, brought this action against defendants: American Mortgage Investment Company of Oklahoma City, American Savings & Loan Association, AVCO Financial Services, Inc., Capitol Federal Savings & Loan Association, The Capitol Hill Savings & Loan Association, Charles F. Curry & Company, Delta Mortgage Corporation, Finance Corporation, First Home Investment Corporation of Kansas, Inc., First Mortgage Company, Harry Mortgage Company, Home Federal Savings & Loan, IDS Mortgage Corporation, Glenn Justice Mortgage Company, Kruger Investment Company, Liberty Mortgage Company, Local Federal Savings & Loan Association, The Lomas & Nettleton Company, Lumberman's Investment Corporation, Mager Mortgage Company, Maxwell Mortgage Company, Midland Mortgage Company, Midwest Mortgage Company, Mortgage Associates, Inc., Mutual Federal Savings & Loan Association, Oklahoma City Federal Savings & Loan, Oklahoma Mortgage Company, Inc., Ponca City Savings & Loan Association, Pool Mortgage Company and Security Federal Savings & Loan Association of Oklahoma City on five alleged separate causes of action.

Plaintiffs in their original Complaint and Amended Complaint assert that each separate cause of action constitutes a class action and have asked the Court to certify each of their causes of action as class actions under Rule 23 Federal Rules of Civil Procedure, Title 28 United States Code. Basically the plaintiffs claim their right to recovery and their right to maintain a class action under the provisions of the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.

The plaintiffs, Paul and Janice Umdenstock, borrowed $31,500 from the defendant, Oklahoma City Federal Savings & Loan Association in January, 1971. The loan was secured by a first lien evidenced by a mortgage on the Umdenstock home located in Oklahoma City. The loan was evidenced by a note dated in January, 1971, in the sum of $31,500 purporting to bear interest at the rate of 8½ percent. The note purports that the Umdenstocks are to pay to Oklahoma City Federal Savings & Loan Associa-

tion each month the sum of $231.15 principal and interest. The lending institution also required the Umdenstocks to pay 1/12 of the annual taxes and insurance premiums each month.

A like first mortgage loan was secured by Geraldine M. Jolly from Maxwell Mortgage Company of Oklahoma City in the amount of $8,200 in April, 1964, secured by a first lien on the residential property located in Oklahoma City. The loan was evidenced by note purporting to bear 5¼ percent interest per annum, and the mortgagors were to pay Maxwell Mortgage Company each month 1/12 of the annual taxes, assessments and insurance premiums due on the secured property.

It is alleged in the Amended Complaint that defendants and each of them fraudulently, knowingly and intentionally failed to disclose, and have failed to notify and have concealed from members of the class represented by the plaintiffs the practice of not crediting the escrow account prepayments for taxes and insurance premiums to the balance of the note, thus depriving borrowers of the benefit of their money while it was being held by the lender in trust in said escrow accounts and thus allege in their first cause of action that this practice of defendants of failure to pay interest on said trust funds while in the hands of the defendants constituted a breach of fiduciary relationship between the defendants, as alleged trustees, and constituted unjust enrichment on the part of the trustees.

The second cause of action in effect is a reiteration of the first cause of action but goes on to assert that defendants commingled these tax and insurance funds with other funds and have made use of these funds for purposes of investing and reinvesting them and earning income benefits thereon, thus enriching themselves at the expense of the members of the class.

In the third cause of action, it is in fact alleged that the annual percentage rate of loan is misstated by failure to include the computation thereof in the amounts required to be paid by borrowers on account of taxes, assessments and insurance, which increases the effective rate of interest; and that defendants intentionally and knowingly failed to disclose that payments for taxes, assessments and insurance premiums made by members of the class bear no interest and are not credited to the principal debt balance, and that these misstatements described are violations of the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.

In the fourth cause of action it is alleged that the defendants have extended new credit secured by first lien on homes to new buyers, members of the class represented by plaintiffs, and misstated the annual percentage rate by reason of their failure to include in the computation thereof amounts to be paid by borrowers to defendants on account of taxes, assessments and insurance, which increased the effective rate of interest and failed to disclose that payments for taxes, assessments and insurance made by members of the class bear no interest, in violation of the Truth in Lending Act, 15 U.S.C.A. § 1601 et seq.

In the fifth cause of action plaintiffs allege that each of the defendants, together with certain other defendants conspired and engaged in an unlawful combination and conspiracy in unreasonable restraint of interstate trade and commerce, and an unlawful combination and conspiracy to monopolize interstate trade and commerce in violation of Sections 1, 2 and 3 of the Sherman Act, 15 U.S.C. §§ 1, 2 and 3.

Certain of the defendants have denied generally the allegations of the Complaint and specifically have denied that the Complaint states a proper claim to be treated as a class action under Rule 23 Federal Rules of Civil Procedure. Other defendants have moved for summary judgment and dismissal for failure to state a claim. Plaintiffs have moved by oral application for leave to amend their complaint and for leave to interplead other persons as parties plaintiff.

Plaintiffs have dismissed as to three of the defendants, AVCO Financial Corporation, Kruger Investment Company and American Savings & Loan Association.

The primary and threshold question in this case is whether under all of the circumstances shown by the pleadings, briefs, affidavits, depositions and stipulations this action should be maintained as a class action under Rule 23 Federal Rules of Civil Procedure.

Those similarly situated on whose behalf this action is purportedly brought number in excess of 100,000 single family loans (See plaintiffs' Brief filed December 26, 1972). There is no question but that defendants' business involves extension of credit in connection with loans on real estate. 15 U.S.C.A. § 1602(e), (f). Likewise there is no question that plaintiffs are members of the proposed class of borrowers. 15 U.S.C.A. § 1602(h).

There is only one case that has reached a court of appeals touching upon the availability of civil suits for a violation of the Truth in Lending Act to class action treatment, and that is, Marie Wilcox et al. v. Commerce Bank of Kansas City, a corporation, 474 F.2d 336 (10 C.A., Opinion filed United States Court of Appeals, Tenth Circuit, February 20, 1973). This is a comprehensive opinion written for the Court by Senior District Judge Christensen, which originated in the United States District Court for the District of Kansas. In order to maintain their suit as a class action, plaintiffs must satisfy the four requirements of Rule 23(a) and any one of the three subdivisions of Rule 23(b).[1]

■ The Court finds and concludes as a matter of fact and law and the logic and persuasive reasoning in Wilcox v. Commerce Bank, 55 F.R.D. 134; Wilcox, et al. v. Commerce Bank of Kansas City, 474 F.2d 336 (10 C.A., Opinion filed United States Court of Appeals, February 20, 1973) that this case should not proceed as a class action, such action not being superior to other available methods for fair and effective adjudication in controversy involved in this case; the substantive liability asserted by plaintiffs under the Truth in Lending Act includes minimum damages of $100.00 plus costs and a reasonable attorney's fee without proof of any actual damages whatever; upon the pleadings in this case and the entire file, including the deposition, motions and briefs, it seems fair to conclude that plaintiffs suffered no damages, or at most they may be supposed to have been damaged in some amount representing a fraction of $100.00; to entertain this case as a class action would be unduly burdensome upon the Court and to deny this action to proceed as a class action would not affect the substantive rights of any individual or individuals to seek their respective remedies, if they feel aggrieved. Exercising the Court's discretion, the Court finds and holds that

---

1. Federal Rules of Civil Procedure 23. Class Actions

"(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

    *      *      *      *      *

(3) The Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the Findings include: (A) The interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

the request for a class action in this case should be denied.

The record discloses that no two mortgages are alike or cover the same property, which is unlike common stock in a corporation where all stockholders possess the same properties. There are many mortgages guaranteed under the Federal Home Loan Bank Act under the Federal Housing Administration Act, under the Veterans Administration Act and other federal governmental agencies. The rates of interest provided in the various notes and mortgages are dissimilar, ranging from approximately 5 percent to 8½ percent per annum. It would constitute an insurmountable problem for the Court to analyze and tabulate the relief, if any, to plaintiffs should this be a class action and should the plaintiffs prevail. The Court takes judicial notice that many hundreds of borrowers live in their homes a short time and then "pull stakes" and leave; foreclosure then ensues and the same governmental agency acquires title, and then the properties are again sold to a new purchaser. The taxes and insurance continue to pile up and must be paid.

The record in this case discloses that there are thirty defendants, less three which have been dismissed, and none of their operations are exactly alike. The question of law and fact are not common to all borrowers and the claim or defense to the alleged representative parties are different because of the difference in rates of interest, tax obligations and mortgage and note provisions.

It is obvious that the difficulties are monumental which will be encountered in the management of a class action of this type and kind should the class action be maintained. There is a total lack of need or justification for class action proceedings in the circumstances of a Truth in Lending case, and the case would assume an abusive and stultifying extreme as a class action in view of the essentially inconsistent remedy prescribed by Congress as a means of private enforcement.

The Court finds from the record and the reasons stated that the class action request is not superior to private litigants as provided by the act of Congress.

From the record before the Court, the Court finds that no trust and no fiduciary relationship was created between plaintiffs and any of the defendants, and hence there was no breach of any fiduciary relationship shown, and further finds that all monies escrowed for taxes, insurance and special assessments were used by the defendants for those purposes and no other, and defendants are not liable for any of the matters alleged in plaintiffs' first cause of action.

From the record before the Court, the Court finds that defendants have not been unjustly or illegally enriched by any of the actions complained of herein by plaintiffs, and that defendants have not unlawfully or wrongfully used any of the said escrow funds; nor have they been unjustly or illegally enriched by any of the matters complained of in plaintiffs' second cause of action.

From the record before the Court, the Court finds no violation of the Truth in Lending Act by the failure of any of the defendants in respect to any periodic statements furnished by defendants, by reason of misstatement of the annual percentage rate of any loan by defendants or otherwise, and that defendants had no duty to disclose that the escrow deposits bore no interest and were not credited to the principal debt balance, and that no liability of any of the said defendants exists as to the matters alleged in plaintiffs' third cause of action. The matters complained of are exempt under the Act. 15 U.S.C.A. §1605(e).

From the record before the Court, the Court finds that none of the defendants made any misstatements of the annual percentage rate required to be paid in

connection with the extension of new credit or otherwise, and that no violation by defendants of the Truth in Lending Act is shown as alleged in plaintiffs' fourth cause of action or otherwise, and no liability on the part of any of the defendants exists by reason of any of the matters therein alleged, and even if there were a violation, a statutory remedy is available to plaintiffs as individuals.

■ From the record before the Court, the Court finds that some of the defendants herein have never changed their method of handling escrow payments; that those defendants who did change from the practice of crediting the borrower's debt balance with taxes and insurance premiums placed in escrow did not do so as a result of any conspiracy, consultation or agreement with other defendants or any alleged co-conspirators or a result of any conspiracy, consultation or agreement between defendants herein or any alleged co-conspirators, and that such changes as were made were made individually by such lending institutions at different dates over a long period of time; that some of the defendants maintain separate escrow accounts and have always deposited and maintained all payments received for taxes, insurance premiums and special assessments in said accounts and have never deposited or maintained any funds from any other source therein; that all of the defendants managed said escrow payments in accordance with the applicable regulations, rulings and prescribed forms of the appropriate governmental agencies; that there was no unlawful combination or conspiracy to monopolize or restrain trade or commerce in the State of Oklahoma or elsewhere; that there was no conspiracy; and that there was no violation of the Sherman Antitrust Act or any other Antitrust Act; that defendants are not liable for any acts alleged in plaintiffs' fifth cause of action.

Clearly the Court finds the jurisdictional amount of $10,000.00 to be lacking as to all members of the alleged class since the Court is holding that this is not a proper class action, and for this reason the Court is without jurisdiction.

The Court finds that there is no diversity of citizenship as between any of the parties plaintiff or defendant savings and loan associations which are strictly local in character.

The Court finds that summary judgment for the defendants should be entered in this cause and that the cause should be dismissed, and

It is so ordered.