In the Matter of **LEWIS JONES, INC., et al., Debtors.**

No. 72–714.

United States District Court, E. D. Pennsylvania.

Aug. 17, 1973.

---

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for bankrupts.

## OPINION

BRODERICK, District Judge.

This matter is before the Court on certificates for review of six related orders of the Bankruptcy Judge, pursuant to Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c). In the Bankruptcy Court, Ric-Wil, Inc., John P. Murdoch Company, Worthy Bros. Pipeline Company, Smith-Miller Associates and the Wilkes Barre Creditors Committee contended that monies in and traceable to an escrow fund were a trust fund for the benefit of creditors of Wilkes Barre Steam Heat Company who supplied labor and materials to reconstruct the flood damaged plant and system of Wilkes Barre Steam Heat Company in the aftermath of the calamitous flood in June 1972 and not properly an asset of the debtor's estate.

The six orders appealed from are as follows: (1) On November 27, 1972 the Bankruptcy Judge, after hearing, entered an order which authorized the expenditure of $172,550 from the alleged trust fund for the purpose of effecting certain essential repairs to avoid a shutdown of debtors, Lewis Jones, Inc., Overbrook Steam Heat Company, and Longacre Park Heating Company; (2) On December 14, 1972 the Bankruptcy Judge entered an order denying a petition by Ric-Wil, Inc. for a temporary restraining order preventing the receivers from expending the alleged trust fund pending a determination of Ric-Wil, Inc.'s petition for a declaration that the funds were not included in the debtor's estate; (3) On December 21, 1972 the Bankruptcy Judge entered an order which authorized the receivers to borrow $325,000 from the alleged trust fund, to be repaid as an expense of administration, for the purpose of continuing the

operation of Lewis Jones, Inc., Overbrook Steam Heat Company, Longacre Park Heating Company, Wilkes Barre Steam Heat Company and Scranton Steam Heat Company; (4) On January 8, 1973 the Bankruptcy Judge held a hearing on the creditor's petition and entered an order authorizing the Commonwealth of Pennsylvania, which originally loaned the monies in the alleged trust fund, to participate in the hearing without prejudice to any claims of the Commonwealth to the monies or matters at issue; (5) On January 8, 1973 the Bankruptcy Judge entered an order permitting expenditure of monies in the escrow fund without the signature of J. Campbell Collins, the Chairman of the City of Wilkes Barre Industrial Development Authority, whose approval and signature was previously required to expend monies from the escrow fund; (6) On January 26, 1973 the Bankruptcy Judge entered an order which dismissed the creditors' petitions and found that the monies were properly included in the debtor's estate.

This Court affirms all of the above orders of the Bankruptcy Court. As the Bankruptcy Judge concluded in his opinion and order of January 26, 1973, the creditors failed to establish an intention manifested by the alleged settlors to create an express trust. Restatement of Trusts, § 23. Even if an express trust was created, we agree with the reasoning of the Bankruptcy Judge that the sole beneficiary would be the citizens of Wilkes Barre, and not the creditors who performed the repairs. Restatement of Trusts, § 126; In re Deed of Trust of Harrison R. McCready, 387 Pa. 107, 126 A.2d 429 (1956). The creditors' reliance on Gulf Petroleum, S. A. v. Collazo, 316 F.2d 257 (1st Cir. 1963); In Re George Walter & Sons, 10 F.2d 463 (3rd Cir. 1926), and In Re Simon, 167 F.Supp. 214 (E.D.N.Y.1958) to support the existence of an express trust for the benefit of creditors is misplaced. Collectively, these cases merely hold that escrow agreements create an enforceable right against the bankrupt's estate to require the funds to be used in accordance with the terms of the agreement. In the instant case, the terms of the escrow agreement required the funds to be used "to refurbish and/or replace the flood damaged boilers and distribution system of Wilkes Barre Steam Heat Company and, if necessary, to provide portable heating plants and to do whatever else may be necessary in order to restore steam heat to the citizens and environs in the city of Wilkes Barre, Luzerne County, Pennsylvania." The terms of the escrow agreement do not manifest an intention to benefit the creditors who supplied the labor and the materials to Wilkes Barre.

As the Bankruptcy Judge noted, the transaction did not establish a resulting trust for the benefit of the creditors. The only beneficiary of a resulting trust is the original settlor, or his successors in interest. Restatement of Trusts (2d) § 404, § 407, Comment (a) on Subsection 1, at p. 238. None of the creditors of Wilkes Barre Steam Heat Company are the settlors or their successors in interest under the facts in this case.

The Bankruptcy Judge also correctly concluded that the funds should not be impressed with a constructive trust. The Restatement of Restitution, § 160, provides that "where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Neither Wilkes Barre Steam Heat Company or any other debtor in these proceedings was any more "unjustly enriched" than any debtor in any Chapter XI proceeding who has not paid its creditors, and for that reason the funds should not be impressed with a constructive trust.

Ric-Wil, Inc. contends that one of the Bankruptcy Judge's findings of fact is clearly erroneous. The finding so challenged is as follows:

Neither Ric-Wil nor any other creditor sought advice with respect to or relied on any written or oral assurances from the Commonwealth, the Authority or the Bank or any authorized representatives in doing busi-

ness with Wilkes Barre, PUIC, ISI or others.

Ric-Wil, Inc. contends that this finding is clearly erroneous if it is construed as a finding that Ric-Wil and other creditors similarly situated did not rely on the assurances of the authorized representatives of the debtors that the loan funds provided by the Commonwealth and later deposited in the escrow account would be used to pay for the materials and services they were being asked to supply. We do not so construe the above finding. There is evidence in this record upon which the Bankruptcy Judge could base the finding quoted above, and it is not clearly erroneous.

The decision of the Bankruptcy Court that the assets are properly included in the estate is affirmed. Having affirmed the action of the Bankruptcy Court in rejecting the Creditors' claim that a trust was established, the Court affirms all six orders certified for review since the Creditors' exceptions are all bottomed on the trust theory.