**Franklin S. YUDKIN, Appellant,**

v.

**AVERY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

Court of Appeals of Kentucky.

March 15, 1974.

John E. Wise, Louisville, for appellant.

Washer, Kaplan, Rothschild & Aberson, Louisville, for appellee.

CULLEN, Commissioner.

Franklin S. Yudkin appeals from a summary judgment dismissing his action against Avery Federal Savings and Loan Association in which action, suing for himself and seeking to represent a class of other persons similarly situated, Yudkin sought to require the association to pay interest on money the association requires mortgagors to pay monthly into "escrow accounts" to provide funds with which to pay taxes and insurance on the mortgaged property.

It is our conclusion that the defendant was entitled to judgment as a matter of law, on the pleadings. Therefore, we pass consideration of various procedural issues argued by the parties.

The complaint alleged that the association holds a mortgage on Yudkin's real estate; the association requires him to make monthly tax and insurance payments to it, which it keeps in an "escrow account;" the association fails to pay Yudkin interest on the money so paid in and kept; and this deprives Yudkin of property in violation of his constitutional rights. The complaint further set forth allegations undertaking to show the existence of a class of other persons situated similarly to Yudkin, whom it would be proper for him to represent.

The only relief sought in the complaint was an order "requiring the defendant to pay interest, by implied contract, at current savings account rates, on the money it requires mortgagors to pay to the Defendant for taxes and insurance and kept by the Defendant in escrow accounts, and that said interest should be retroactive to the beginning of each mortgage."

It will be noted that there is no allegation in the pleadings that the association has used or is using the escrowed funds to its own profit, and there is no claim for recovery of profits made by the association.

Questions as to the respective rights of the parties in moneys which a lending institution requires a mortgagor to pay to it

monthly to provide funds for payment of taxes and insurance have been reaching the courts, in recent times, with considerable frequency. Most prominent among the reported decisions are First Federal Savings & Loan Association of Lincoln v. Board of Equalization, 182 Neb. 25, 152 N.W.2d 8 (1967); Sears v. First Federal Savings & Loan Association of Chicago, 1 Ill.App.3d 621, 275 N.E.2d 300 (1971); Carpenter v. Suffolk Franklin Savings Bank, Mass., 291 N.E.2d 609 (1973); Richman v. Security Savings and Loan Association, 57 Wis.2d 358, 204 N.W.2d 511 (1973); Tucker v. Pulaski Federal Savings & Loan Association, 252 Ark. 849, 481 S.W.2d 725 (1972), and Umdenstock v. American Mortgage and Investment Company, 363 F.Supp. 1375 (W.D.Okl.1973). Our attention has been called also to the following three unreported decisions: Brooks v. Valley National Bank (Maricopa County Superior Court, Arizona, May 8, 1973); Buchanan v. Brentwood Federal Savings & Loan Association (Allegheny County Court of Common Pleas, Pennsylvania, March 6, 1973); and Graybeal v. American Savings and Loan Association, 59 F.R.D. 7 (U.S. District Court for District of Columbia, 1973).

Out of the foregoing authorities only the *Carpenter* and *Graybeal* cases recognized any right of the mortgagor (under the terms of the mortgage contracts involved) as concerns the income-producing capacity of escrowed payments for taxes and insurance; and the only right recognized in those two cases was a *possible* one to recover *profits* made by the lending institution on the escrowed money. In none of the reported cases was there found to be any obligation of the lending institution to *pay interest* on the escrowed money.

All of the cited cases agree that the *payment of interest* on accounts of the kind here in question is a matter of *contract*.

In the mortgage contract in the instant case there is no provision for the payment of interest on the escrowed payments for taxes and insurance. Not only that, but there is a long-standing resolution of the association that no "dividends" will be paid on the escrowed payments, and one of the clauses of Yudkin's mortgage provides that he agrees to be bound by the charter, by-laws and resolutions of the association.

Yudkin claims that there is authority in Union Light, Heat & Power Co. v. Mulligan, 177 Ky. 662, 197 S.W. 1081, for the proposition that interest may be required to be paid on deposited moneys even without a contract. In that case a public utility company adopted a regulation requiring its patrons to make deposits to secure the payment of charges for utility service. This court held that the regulation was valid, but that the company would have to pay interest on the deposits. The significant factor in that decision was that the company was a public utility occupying a monopoly position; its regulation was a *unilaterally imposed condition of service* rather than a provision of a bilaterally negotiated contract. We do not regard that case as authority for the proposition that in a negotiated bilateral contract of the kind involved in the instant case, calling for one party to deposit funds with the other, the latter is under an obligation to *pay interest* on the deposited funds.

Since Yudkin did not allege any contract for the payment of interest to him or to any other of the persons similarly situated whom he sought to represent, his complaint did not state a claim on which relief could be granted.

The judgment is affirmed.

All concur.