Abe M. Lerner, J.
After trial the court finds for the defendant.
*330 In this small claim action the plaintiff sues his mortgagee to recover interest allegedly due on what he calls “ escrow money ” held by the bank. This “ escrow money ” consists of the payments made by the plaintiff as obligor on his bond to the defendant under which bond the plaintiff agreed to pay monthly the sum of $154.64 for interest and principal and $96.36 for all other payments bank might have to advance. The plaintiff relies upon the following provision contained in the bond:
‘ ‘ 1. The Obligor, if such be required by the Obligee, shall deposit with the Obligee concurrently with the payment of the aforesaid monthly instalments of principal and interest and as security for the payment of all taxes and water rates levied and assessed for the then current year against the premises described in the mortgage accompanying this bond, given to secure payment of the above stated indebtedness,,and executed concurrently herewith, an amount at least equivalent to. one-twelfth (¥12) of the aggregate of such annual taxes and water rates, the amount ■so to be deposited monthly for such purpose being estimated at the sum of NINETY SIX AND 3%oo (96.36) Dollars, the money so deposited to be applied to the payment of such taxes and water rates as same shall become due. This requirement may be waived by the Obligee at its option. If the Obligor shall not make such deposit, or if the sum so deposited is found insufficient to pay in full such taxes and water rates as the same shall become due and payable, the Obligor shall pay such deficiency immediately upon demand. Any part of the monies so deposited not so applied shall be returned to the depositor.”
At the trial the plaintiff attempted to prove that on the anniversary date of the bond each year, there was a balance over and above the payments referred to in the above paragraph held by the bank and for which overage plaintiff claims he is entitled to interest.
The court is aware of a decision rendered by one of its colleagues in Tierney v. Whitestone Sav. & Loan Assn. (77 Misc 2d 284). However, the court disagrees with the reasoning in that opinion.
There seem to be three questions that must be answered: Was there an escrow; was there a breach of a fiduciary relationship between the parties; and does this court have the jurisdiction to grant the relief the plaintiff seeks?
I. The “ Escrow Although no precise words are necessary to constitute an escrow, the converse is also true — ■ calling a transaction an escrow does not make it one.
For the instrument to operate as an escrow there must be:
*331 (a) An agreement as to the subject matter and delivery of the instrument;
(b) There must be a third-party depository;
(c) There must be delivery of the instrument to a third party conditioned upon the performance of some act on the happening of this event; and
(d) The relinquishment by the grantor. (See 20 N. Y. Jur., Escrow, p. 206 et seq.; Farago v. Burke, 262 N. Y. 229.)
The facts here are very simple. The plaintiff executed a bond to cover the purchase-money mortgage and under that bond was required to make the payments referred to in paragraph 1 quoted, supra. All the requirements of an escrow were not present in the bond which was only between the mortgagor and mortgagee.
II. Was there a breach of fiduciary relationship? Even if we were to assume that an “ escrow ”, in its loosest sense did exist, there was no fiduciary relationship or a breach thereof under the bond provision. In order to establish a fiduciary relationship there must be an agreement which not only defines and obligates this defendant to perform a certain act, but there must also be a breach of an act to be performed by defendant under the agreement. Both the proof before the court given by this plaintiff, as well as the bond upon which this claim is predicated are completely devoid of any obligation assumed by this defendant other than to return the excess over the actual expenditures as indicated in paragraph 1, supra. It is true that we might have a different result if the plaintiff had demanded, at the end of each year, the amount which defendant held as security for the payments it was to make during that annual period.
But here the action is only for the interest allegedly due, for which this court can find no basis. (See Woerz v. Schumacher, 161 N. Y. 530; New York State Thruway Auth. v. Hurd, 25 N Y 2d 150.)
In a recent decision under like circumstances, a Federal court found that no trust or fiduciary relationship was created between the parties by virtue of a similar bond, and there was no breach of any fiduciary relationship. (See Umdenstock v. American Mtge. & Inv. Co., 363 F. Supp. 1375; Matter of Surrey Strathmore Corp. v. Dollar Sav. Bank, 43 A D 2d 742.)
In our own Court of Appeals the rule has been established in Miller v. Schloss (218 N. Y. 400) and Shapira v. United Medical Serv. (15 N Y 2d 200) that a contract cannot be implied in fact where the facts are inconsistent with its existence. As that court so ably stated, ‘ ‘ The assent of the person to be charged is *332 necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted.” (Miller v. Schloss, supra, p. 407.) None of the facts which could create an obligation to pay interest on the part of the defendant have been proved.
III. Does this court have the jurisdiction to grant the relief sought?
Although this is a small claims action in which the formal rules of evidence and the like are eased, the court cannot disregard the basic legal principles. What the plaintiff is attempting in essence to do is to reform the bond between the parties to include a provision that the defendant is obligated to pay interest on any undisbursed balance under the arrangement between the parties. Even if we are not called upon to reform the agreement, we at least are being asked to compel an accounting by the defendant. Both a reformation and an accounting are in the nature of equitable relief which this court has no power to give. There is only one court in which equity and law can be administered simultaneously and that is the Supreme Court. We, in our narrow jurisdiction, cannot be presumed to have that kind of power. We operate only under such grant of power as was given to us in the Constitution and the Uniform District Court Act.
Of great significance is the fact that the New York State Legislature, in the 1974 session, passed a bill which was signed by the Governor which provides for interest payments on overages to cover this particular situation. To this court it seems that this was the proper and legal way to resolve this problem, otherwise our courts will have multitudinous lawsuits by similar situate mortgagors.
Accordingly, this court finds for the defendant.