166 N.J. Super. 216 (1979)
399 A.2d 663
AMERICAN NATIONAL BANK & TRUST OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BREWSTER LEONARD AND ELIZABETH LEONARD, DEFENDANTS. SENTRY SAVINGS AND LOAN ASSOCIATION, MOVANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1979.
Decided February 13, 1979.
*217 Before Judges LORA and MICHELS.
Mr. Philip E. San Filippo argued the cause for movant-appellant (Messrs. San Filippo, Matthews & Carkhuff, attorneys; Mr. W. Eugene San Filippo, of counsel).
No brief was filed on behalf of respondent.
PER CURIAM.
Appellant Sentry Savings and Loan Association (Sentry) appeals from an order of the Essex County District Court directing it to turn over to a constable of Essex County all moneys deposited in a tax escrow account by defendants Brewster Leonard and Elizabeth Leonard in accordance with the terms of a bond and mortgage executed by them in favor of Caldwell-Verona Savings and Loan Association, now Sentry.
Plaintiff American National Bank and Trust of New Jersey recovered a judgment in the Essex County District Court against defendants in the sum of $206.64, together with costs. A writ of execution was issued out of that court commanding a constable to levy upon funds of defendants. The constable attempted to levy on the moneys deposited by defendants with Sentry in a tax escrow account in accordance with the terms of a bond and mortgage which, in pertinent part, provided:

*218 AND IT IS EXPRESSLY COVENANTED AND AGREED that:
* * *
4. Until the indebtedness is fully paid the obligors will:
* * *
(d) Pay to the obligee, in advance of the tax-paying days, a sum equal to the installment of taxes next due by paying to it now one monthly tax deposit for each installment date which has elapsed since the last tax-paying day, and on each installment date hereafter a further monthly tax deposit, namely, the installment of taxes next due, if ascertainable, but otherwise the installment of taxes last due, divided by the number of months between tax-paying days and, on the installment date preceding each tax-paying day, the undeposited balance of the installment of taxes next due;
* * *
5. Any moneys paid the obligee pursuant to items numbered (d) * * * of the preceding covenant 4, may at any time as its option be credited to the indebtedness; and if it shall have credited any such moneys to the indebtedness and shall, to the extent of the credit, pay taxes or insurance premiums when due, the sum so expended shall be added to the indebtedness;
* * *
7. Even if the period fixed in the condition of this bond for the payment of the indebtedness may not have expired, the whole of the indebtedness shall, at the obligee's option, become immediately due and payable * * * thirty (30) days after failure to pay upon its due date the whole of any sum payable under * * *, (d) * * * of covenant 4, if any part of the sums so payable be then still unpaid.
Sentry refused to honor the levy and failed to turn over the funds to the constable or plaintiff. Plaintiff thereupon applied for an order to compel Sentry to turn over the funds it attempted to levy upon to satisfy its judgment against defendants. The trial judge granted the motion, and Sentry appealed, contending that the moneys deposited in the tax escrow account by defendants pursuant to the bond and mortgage were no longer the property of defendants and were not subject to levy or execution by a judgment creditor of defendants. We agree and reverse.
We are satisfied that the moneys deposited by defendants-mortgagors in the tax escrow account pursuant to the bond and mortgage do not remain their property. Defendants *219 and Sentry, by reason of their relationship as mortgagors and mortgagee, stand in a debtor-creditor relationship, and the advance tax payments that were made pursuant to the bond and mortgage were required solely as further security for the mortgage debt. Such payments were intended to benefit the mortgagee, not the mortgagors, and the mortgagors do not retain any beneficial interest in the money deposited. See Kronisch v. The Howard Savings Institution, 161 N.J. Super. 592, 596-597 (App. Div. 1978), certif. den. 78 N.J. 413 (1978). See also State v. Atlantic City Electric Co., 23 N.J. 259, 269 (1957). A mortgagor ceases to have any control over or interest in advance tax payments once the funds are delivered to a mortgagee. Consequently, creditors of a mortgagor do not have any right to these funds and cannot obtain them by a writ of execution. Central Suffolk Hospital Ass'n v. Downs, 213 N.Y.S.2d 192, 194-195 (Sup. Ct. 1961); see LaThrop v. Bell Federal S. & L. Ass'n, 42 Ill. App.3d 183, 355 N.E.2d 667, 671-672 (App. Div. 1976); Valerio v. College Point Sav. Bank, 48 Misc.2d 91, 264 N.Y.S.2d 343 (Sup. Ct. 1965); Eightway Corp. v. Dime Sav. Bank, etc., 94 Misc.2d 274, 404 N.Y.S.2d 302, 304-305 (Civ. Ct. 1978). See also, Annotation, "Rights in Funds Representing `Escrow' Payments Made by Mortgagor in Advance to Cover Taxes or Insurance," 50 A.L.R. 3rd 697, 704 (1973).
Accordingly, the order of the district court directing Sentry to turn over to plaintiff the moneys deposited in the tax escrow account by defendants is vacated and set aside.