ÆTNA CASUALTY AND SURETY COMPANY, on Behalf of Itself and All Others Entitled to Share in the Proceeds Arising under a General Construction Contract, Appellant, *v.* LAFAYETTE NATIONAL BANK OF BROOKLYN IN NEW YORK et al., Respondents, et al., Defendant.

First Department, October 22, 1970.

*Jerold Morgulas* of counsel (*M. Carl Levine, Morgulas & Foreman,* attorneys), for appellant.

*Pallister H. Feely* (*Wrenn & Schmid,* attorneys), for Lafayette National Bank, respondent.

*Edward A. Silliere* (*Sullivan & Thorp,* attorneys), for Franklin National Bank, respondent.

*Norman Bard* for John D. Weiss and others, respondents.

*Paul Lindemann* for Maynard Merel, respondent.

NUNEZ, J. In this action to recover sums said to represent trust funds diverted in violation of the Lien Law, plaintiff, the Ætna Casualty and Surety Company (Ætna) appeals from a judgment entered after a nonjury trial dismissing the amended complaint against all defendants.

Ætna was the surety on a performance bond for defendant Ranes Construction Corp. (Ranes). The bond had been issued in connection with a contract (awarded Ranes on or about March 18, 1955) for the construction of a high school at Elmont, New York for the Central High School District No. 2, Hempstead.

The individual defendants Nathan Weiss and Maynard Merel were the principal stockholders of Ranes and they, together with defendant John D. Weiss, were the directors of said corporation. Defendant David Weiss is the father of defendants Nathan and John D. Weiss. Ranes defaulted in appearing in the action.

During the course of construction of the Elmont high school Ranes borrowed from defendant-respondent Lafayette National Bank of Brooklyn in New York (Lafayette Bank) the sum of $32,500, represented by three promissory notes dated June 8, 1955 in the sum of $12,500, July 11, 1955 in the sum of $12,500, and August 11, 1955 in the sum of $7,500. The notes were personally indorsed by all the individual defendants. The funds were used to pay the bonding fee and to apply on account of the actual construction work exclusively.

By August 19, 1955, Ranes had developed financial difficulties and Ætna interceded with the Lafayette Bank in order to cover payroll obligations that were then due. On that date Ætna's representative met with an officer of the Lafayette Bank and reported to him that Ranes had advised that it was unable to meet its obligations.

On September 1, 1955 Ranes received a check for $41,400 on account of its work on the high school construction. The check was drawn on the Franklin Square Branch of the Franklin National Bank of Franklin Square (Franklin Bank) by the school district that had contracted for the high school construction. The check was deposited by defendant John D. Weiss in an account maintained by Ranes at the Franklin Bank and, without notice to defendant Merel, John D. Weiss immediately issued a check made payable to the Lafayette Bank for $32,500 which the Franklin Bank certified. Defendants Nathan Weiss and John Weiss then went to the Lafayette Bank where they met their father, David Weiss. The check was actually delivered to a Lafayette Bank officer by defendant David Weiss. The Lafayette Bank loan was thereupon canceled and all liability of the individual indorsers terminated.

Shortly thereafter Ætna took over for Ranes in the completion of the high school construction at a cost of about $265,000. On August 24, 1955, the date on which the $41,400 check was drawn by the school district, Ranes owed over $43,000 to subcontractors, laborers and materialmen engaged in the high school construction, which amount Ætna later paid taking assignments of the claims of those creditors who are beneficiaries under the Lien Law.

The record supports the learned trial court's findings of fact that all defendants but Franklin Bank knew in August, 1955 that Ranes was unable to pay for the labor and materials furnished in connection with the high school contract; that the Franklin Bank knew the source of the funds when it certified Ranes' check for $32,500; that the Lafayette Bank received the proceeds of that check having notice of the source of the moneys on which it was drawn; and that the individual defendants also had knowledge of the origin of the funds and knew the financial difficulties of Ranes at the time the $32,500 was applied in repayment of the loan by the Lafayette Bank. The trial court nevertheless nonsuited the plaintiff on the theory that the proceeds of the Lafayette Bank loan, having been used to pay the Lien Law beneficiaries, were legitimately repaid out of the trust fund represented by the $41,400 check. The trial court applied the equitable consideration that such a transaction would result in

no loss to the beneficiaries and that to hold to the contrary would unjustly enrich the trust fund. In so holding the trial court erred.

The matter at bar is governed by the trust provisions of the Lien Law in effect in 1955 and prior to the 1959 amendments. Section 25-a specifically applicable here read: "The funds received by a contractor for a public improvement are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement, and to the payment of premiums on surety bond or bonds filed and premiums on insurance accruing during the making of the improvement and any contractor and any officer, director or agent of any contractor who applies or consents to the application of such funds for any other purpose and fails to pay the claims hereinbefore mentioned is guilty of larceny and punishable as provided in section thirteen hundred and two of the penal law." (Added by L. 1932, ch. 627, § 8, eff. July 1, 1932.)

In *Century Ind. Co.* v. *Bank of Gowanda* (35 N. Y. S. 2d 396, affd. 263 App. Div. 1068) the contractor obtained bank loans to finance a public improvement construction contract. The money thus obtained was actually used to pay current construction expenses. When the contractor deposited the moneys received from the owner in his account in the creditor bank, the latter paid itself for the loans made previously out of the funds thus deposited. On the trial, the bank claimed that to the extent that the moneys loaned by it to the contractor were actually used to pay then existing trust obligations, it was entitled to reimbursement from the after-accruing trust funds. The trial court held that the fact that the loaned proceeds were used for construction expenses, thus benefiting the trust beneficiaries, was not controlling and that the bank was liable for the money which it had sequestered to pay itself on its loan to the contractor.

The bank in *Century* received an assignment of the accounts receivable by the contractor from the owners but failed to file it as required by section 25 of the Lien Law, a fatal defect. The Lafayette Bank could and should have protected itself by obtaining and filing a proper assignment and by seeing to it that the instrument of loan contained the covenants with respect to the trust, all as provided by the Lien Law. This the Lafayette Bank failed to do.

The record clearly supports the findings of the Trial Judge to the effect that the Lafayette Bank had knowledge of Ranes' activities, its current financial difficulties, the source of the

moneys and that it accepted $32,500 with full knowledge that some of the trust beneficiaries might not be paid for their work rendered or materials furnished for the school job.

David Weiss, though not an officer of Ranes, is shown to have been in close contact with his two defendant sons, one of whom had a majority stock interest in Ranes and who, together with defendant Merel, were its sole stockholders and directors. The father had previously made many loans in very substantial amounts to Ranes. The $41,400 check was physically received by John D. Weiss who deposited it not in the general account of Ranes at the Lafayette Bank, but in the " petty cash account " of the corporation maintained at the office of the defendant Franklin Bank in Levittown, Nassau County. The payment of the $32,500 to the Lafayette Bank was speedily arranged by Nathan, John and David Weiss without the knowledge, participation or consent of defendant Merel. The testimony stands uncontradicted that as soon as he learned of the transaction Merel notified the surety company.

While the record supports the finding that the Franklin Bank knew of the source of the $41,400 check, it is barren of any proof that it had any knowledge that Ranes had a loan of any kind with the Lafayette Bank, or that it knew the purpose of the check drawn by Ranes to the order of the Lafayette Bank. There is no evidence that Franklin Bank participated in any misappropriation of the funds; it did not become privy to the misappropriation of the $32,500 by certifying Ranes' check from an account in which there were, to the knowledge of the bank, credits created by deposits of trust funds. (See *Bischoff* v. *Yorkville Bank,* 218 N. Y. 106, 112.)

It has been held that a bank in which trust funds are deposited is under no duty to exercise vigilance to protect the trust estate from possible misappropriation by the trustee who is authorized to act as such, and is not bound to inquire whether the fiduciary is applying such funds for the purpose of the trust, unless the bank has notice of a threatened misappropriation and with that notice aids in the misappropriation. (*Bischoff* v. *Yorkville Bank, supra*; *Grace* v. *Corn Exch. Bank,* 287 N. Y. 94; *Clark* v. *Public Nat. Bank & Trust Co.,* 259 N. Y. 285.)

For the foregoing reasons, the judgment entered February 8, 1966 dismissing the amended complaint against all defendants should be modified on the law and on the facts so as to grant judgment in favor of the plaintiff and against Ranes Construction Corp., Lafayette National Bank of Brooklyn in New York, Nathan Weiss, John D. Weiss and David Weiss and, except as so modified, the judgment should be affirmed without costs

or disbursements. Findings of fact Nos. 17, 18 and 20 and conclusions of law Nos. 3, 4, 5, 6 and 10 should be modified as herein indicated.

Settle order making new findings and conclusions in conformity with this opinion.

CAPOZZOLI, J. P., MARKEWICH and STEUER, JJ., concur.

Judgment entered on February 8, 1966, dismissing the amended complaint against all defendants unanimously modified on the law and on the facts so as to grant judgment in favor of the plaintiff and against Ranes Construction Corp., Lafayette National Bank of Brooklyn in New York, Nathan Weiss, John D. Weiss and David Weiss and, except as so modified, the judgment is affirmed without costs and without disbursements. Findings of fact Nos. 17, 18 and 20 and conclusions of law Nos. 3, 4, 5, 6 and 10 should be modified as indicated in the opinion of this court filed herein.

Settle order on notice making new findings and conclusions in conformity with the opinion of this court filed herein.