Memorandum. In this interpleader action appellant sellers have appealed only from that portion of the order of the Appellate Division which denied their motion for summary judgment against Phebe W. Erdman and dismissed their cross claim against her to recover the purchase price of stock her husband had agreed to buy. To this extent the order of the Appellate Division should be reversed.
Defendant Ellis E. Erdman agreed to purchase shares of stock from the sellers. The issue on this appeal is the interpretation to be placed on the instrument which was attached to the stock purchase agreement, bore the same date and was denominated an "assignment”.
On the sellers’ motion for summary judgment the affidavits submitted by the parties "raise no issues of fact or credibility, anticipate the availability of no additional extrinsic evidence, and identify no factual inferences to be drawn from extrinsic evidence. In this circumstance then there is no occasion for fact-finding by a jury and the issue is to be determined by the court as a matter of law.” Matter of (Surrey Strathmore Corp. v Dollar Sav. Bank of N. Y., 36 NY2d 173, 177.)
Turning then to the provisions of the writing we hold that it constitutes not only a transfer to the wife by her husband of his rights as purchaser under the stock purchase agreement, *219 but as well an assumption by the wife of the obligations of her husband under that agreement.
Initially we infer from the fact that the assignment was signed by the wife her intention thereby to undertake some legal obligation; her signature would normally be superfluous to the mere transfer of rights to her. We reject her present contention that she signed only to evidence her recognition that her right to receive the stock was contingent on her husband’s payment of the purchase price. One provision of the assignment states: "Phebe W. Erdman, wife of the Purchaser * * * desires to obtain this Assignment and agrees to assume the conditions of the Agreement between Purchaser and Sellers”. In view of the evidently operative content of other so-called "recital paragraphs” (with reference, for instance, to the husband's retention of voting rights on the stock), we attach no significance to the fact that in form this "agreement to assume” is found in a recital paragraph of the instrument. Then, while it may be argued that the denotation of the word, "conditions”, does not normally include obligations, there are contexts in which the word "conditions”, as is true of such a word as "terms”, may refer to all the provisions of a contract. It is even clearer, in our view, that the use of the verbal phrase, "agrees to assume” can only be. understood as manifesting a commitment to some obligation. Finally, in what might in form be termed the operative paragraph, i.e., the paragraph following the recital paragraphs and opening with the word, "Therefore”, is found the clause, "the Assignee does hereby accept the herein described Assignment”.
While we acknowledge that this instrument was not drafted with unmistakable clarity, we think it undeniable that the wife manifested an intention by her execution of the assignment to undertake some obligation in connection therewith. That obligation we conclude was to assume the commitments which her husband had made under the stock purchase agreement.
There is no serious argument that if this be the legal significance of the wife’s participation in the assignment the commitment she thereby made to pay the purchase price may not now be enforced by the sellers.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order insofar as appealed from reversed, with costs, cross *220 claim of defendants Abbott against defendant Phebe W. Erdman reinstated and summary judgment granted to defendants Abbott against defendant Phebe W. Erdman in a memorandum.