The FROUGE CORPORATION, Plaintiff,

v.

The CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Defendant.

No. 75 Civ. 4660.

United States District Court, S. D. New York.

Dec. 9, 1976.

John M. Goodman, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, The Frouge Corporation ("Frouge"), commenced this action against the defendant, The Chase Manhattan Bank, National Association ("Chase"), for an accounting of earnings realized by Chase from the alleged unauthorized use of funds deposited by Frouge in an account with Chase entitled "Frouge-Trumbull Trust Account No. 1."

It appears undisputed that during the summer of 1964 Frouge sought a loan from Chase secured by a second mortgage on its shopping center in Trumbull, Connecticut and that Frouge arranged for the loan to be guaranteed by Gulf Oil Corporation of California ("Gulf") in return for which Gulf was to receive a guarantee fee. Pursuant to the agreement between Frouge and Gulf,* Frouge opened an account with Chase in August 1964, which account was entitled "Frouge-Trumbull Trust Account No. 1." Rents from the Trumbull Shopping Park tenants were deposited in this account and Frouge then drew upon the funds in this account to pay specified expenses, including debt service to Chase, Gulf's guarantee fee and any other payments permitted by Gulf.

In the complaint, Frouge contends that the account with Chase was a "trust account" and that Chase commingled the funds in this account with its general funds, earning a substantial profit thereon, in breach of its fiduciary duty. Accordingly, Frouge has demanded that Chase account for its unauthorized use of the funds in the Frouge-Trumbull Trust Account No. 1.

Hart & Hume, New York City, for plaintiff; Roger A. Goodnough, New York City, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant; Kenneth H. Holmes, John M. Friedman, Jr.,

Chase now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no genuine issue as to any material fact and that Chase is entitled to judgment as a matter of law. Specifically, Chase contends

* *See* Exhibit "A" attached to Frouge's Complaint filed September 23, 1975.

that the account opened by Frouge was a business checking account, that it was treated as such by Chase during the 10 years that the account was active, that Frouge did not question the manner in which the account was handled and did not ask for an "accounting" or the payment of interest or earnings with respect to the account, and that Chase had no intention of paying interest or earnings on this account because such payments on this type of account would violate federal law.

Frouge has cross-moved for summary judgment contending that Chase has breached its fiduciary duty and that it is entitled to an accounting as a matter of law.

■ In the motion for summary judgment, the Court's function is not to try issues of fact but rather to decide whether there are any such issues to be tried. In making that determination, "it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute, *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)." *Heyman v. Commerce and Industry Insurance Company*, 524 F.2d 1317, 1320 (2d Cir. 1975); *see also, United States v. Bosurgi*, 530 F.2d 1105 (2d Cir. 1976).

■ Moreover, cross-motions for summary judgment "do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed." 6 Moore's Federal Practice ¶ 56.13 at 56–341 (1976); *see Heyman v. Commerce and Industry Insurance Company, supra; American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc.*, 388 F.2d 272 (2d Cir. 1967), *cert. denied*, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972); *Oil Trading Associates v. Texas City Refining*, 201 F.Supp. 846 (S.D.N.Y.1962).

Here, it is undisputed that (1) Frouge opened the Frouge-Trumbull Trust Account No. 1 with Chase in August 1964 and that for nearly 10 years, during which time the account was active, Chase did not pay interest or earnings on the account nor did it render any accounting of the funds on deposit other than the usual monthly statements rendered for business checking accounts; (2) that Frouge, prior to January 18, 1974, made no demand on Chase that it be paid interest on this account; and (3) that payment of interest or earnings on the account and the segregation of moneys deposited in it was not necessary to effectuate the underlying agreements. *See* Defendant's Statement Pursuant to General Rule 9(g) and Plaintiff's Counter-Statement Pursuant to General Rule 9(g).

From the papers submitted by Chase in support of its motion for summary judgment, it appears that Frouge authorized the opening of an account entitled "Frouge-Trumbull Trust Account No. 1" through a set of corporate resolutions embodying Chase's standard form for authorizing a corporate checking account, *see* Exhibit "A" attached to Chase's motion for summary judgment dated July 9, 1976 (hereinafter "Chase's motion"), and that signature cards for this account were prepared on the standardized forms for checking accounts. See Exhibit "B" attached to Chase's motion. A business checkbook was also issued to Frouge. *See* Exhibit "C" attached to Chase's motion. In addition, Chase asserts that Frouge drew several hundred checks on this account during the 10 years that the account was active and that monthly statements were sent to Frouge showing no accrual of interest or other similar sums. These assertions have not been disputed by Frouge.

While Frouge contends that the funds in the account were "trust funds" and could only be used for certain disbursements, *see* Exhibit "E" attached to Frouge's cross-motion for summary judgment dated September 1, 1976 (hereinafter "Frouge's cross-motion"), it appears that authorization was given by Gulf to Frouge to make periodic

disbursements from this account covering the general operating expenses of the Trumbull Shopping Park. Exhibit "M" attached to Frouge's cross-motion. To this extent, it appears that the account functioned as a business checking account.

Frouge sent a letter to Chase, dated January 18, 1974, seeking interest payments on the funds in the account in view of a recent decision of the Queens County Small Claims Court. That decision was later reversed on appeal, *Tierney v. Whitestone Savings & Loan Association*, 83 Misc.2d 855, 373 N.Y. S.2d 724 (App.Term 1975), *rev'g* 77 Misc.2d 284, 353 N.Y.S.2d 104 (Small Claims 1974), and it is clear that Chase could not pay interest on a demand or checking account without violating Section 19 of the Federal Reserve Act. 12 U.S.C. § 371a (1970). Moreover, it appears that Chase would not be required to render an accounting on this type of account. *Surrey Strathmore Corp. v. Dollar Savings Bank of New York*, 36 N.Y.2d 173, 366 N.Y.S.2d 107, 325 N.E.2d 527 (1975).

In *Surrey*, a corporate mortgagor made installment payments to an institutional mortgagee for real estate taxes on the mortgaged premises. In an appeal on an action seeking an accounting on the installment payments, the New York Court of Appeals held that "[t]here being no express agreement of the parties and no predicate for any inference that such an agreement was intended, we conclude that this mortgagor is not entitled to the relief it now seeks." *Id* at 177, 366 N.Y.S.2d at 111, 325 N.E.2d at 530.

Here, there was no express agreement between Chase and Frouge for the payment of any interest on the account nor any understanding that an accounting would be rendered on any monies earned. Frouge submits that a preliminary internal memorandum of Chase referred to the deposit of $800,000.00 in a so-called "trust account". *See* Exhibit "B" attached to Frouge's cross-motion. This memorandum, however, merely explained the arrangements between Frouge and Gulf and did not reflect any agreement between Frouge and Chase.

Moreover, the mere reference to the account as a "trust account" in Frouge's corporate resolution is not determinative. Rather, the parties' intentions as to their rights and obligations as manifested by the terms of the written agreement, with parol evidence to clarify ambiguities, if any, is the proper means of construction. *See* Corbin on Contracts § 573 (1960).

Since it is clear on the basis of the papers submitted that Frouge's account with Chase was treated as a business checking account by both parties and that issues of interest or segregation of the funds were not raised by either party when the account was established, nor for 10 years thereafter, the inevitable conclusion is that the account was an ordinary commercial account and not a trust account in so far as Chase was concerned.

Accordingly, the motion by Chase for summary judgment is granted and the cross-motion by Frouge for summary judgment is denied.

Settle Judgment on Notice.