■ MORTON BRODSKY, Appellant-Respondent, v DAVID M. LEVY et al., Respondents-Appellants.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff, in accordance with the following memorandum: In December 1975 plaintiff Morton Brodsky was without funds but was in need of legal services. He was, and remains, the general partner in a limited partnership known as Southeast Elderly Tower Associates. He entered into a retainer agreement with attorneys David M. Levy and Lloyd H. Relin under which he assigned part of his interest in the limited partnership to the attorneys and, in return, the attorneys executed a nonnegotiable promissory note in which they promised to perform legal services in the value of $25,000.

The assignment of partnership interest was drafted by the attorneys and provided that plaintiff agreed to: "grant, convey and assign unto DAVID M. LEVY, and LLOYD H. RELIN, equally as tenants in common, their distributees and assigns, all of my right, title and interest in and to Fourteen-fifteenths ($14/15$) of my interest in the capital of the partnership, its profits and losses and distribution of profits, as a general partner of the limited partnership known as Southeast Elderly Tower Associ-

ates Limited Partnership, being a 14% interest of the limited partnership, heretofore and presently being conducted pursuant to the provisions of an Agreement of Limited Partnership dated November 22, 1972. It is understood and agreed that I am retaining one-fifteenth ($\frac{1}{15}$) of my interest being a One Percent (1%) interest as a general partner in and to the limited partnership in accordance with the Agreement of Limited Partnership. To have and to hold the same unto DAVID M. LEVY and LLOYD H. RELIN, their distributees and assigns, forever."

The agreement of limited partnership referred to in the assignment provides that the partnership will expire on December 31, 2022. Profits and losses are to be allocated "85% to the Limited Partners (in accordance with their respective capital accounts), 15% to Morton Brodsky until the twentieth anniversary of the Third Instalment [sic]". That anniversary will occur in or about May 1993. Thereafter, "42.5% of the net profits and losses of the Partnership shall be allocated to the Limited Partners (in accordance with their capital accounts), and 57.5% shall be allocated to Morton Brodsky". The parties characterize the latter language as the "flip-flop" provision of the agreement.

In this declaratory judgment action, plaintiff seeks a declaration of the rights of the parties. Plaintiff contends that he assigned to the attorneys $\frac{14}{15}$ of his 15% interest in the limited partnership and that the assignment is effective only for such time as he was to have a 15% interest in the partnership. Thus, he argues that the attorneys' interest terminates when the "flip-flop" provision becomes effective. Defendants argue that the attorneys were assigned $\frac{14}{15}$ of plaintiff's interest for the duration of the limited partnership. Thus they contend that following the "flip-flop", they are entitled to 53.67% of plaintiff's 57.5% interest.

Both plaintiff and defendants moved for summary judgment and both now appeal from Supreme Court's order which granted in part and denied in part both motions.

It is the responsibility of the court to interpret written instruments. "Thus, where a question of intention is determinable by written agreements, the question is one of law [which may be resolved] * * * on a motion for summary judgment. Only where the intent must be determined by disputed evidence or inferences outside the written words of the instrument is a question of fact presented". (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291.) Generally, equivocal contracts will be construed against the drafters.

More particularly, however, agreements concerning fee arrangements between attorneys and clients are, as a matter of public policy, carefully scrutinized and must be construed most favorably for the client. Attorneys who draft retainer agreements have the burden of showing "that the contracts are fair, reasonable, and fully known and understood by their clients" *(Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172, 176).

On application of those principles, it follows that plaintiff is entitled to summary judgment as a matter of law. The assignment of partnership interest is clear and unambiguous on its face. It assigns to the attorneys $14/15$ of plaintiff's 15% interest in the limited partnership and provides that plaintiff shall retain $1/15$ of that 15%. The assignment is made "forever" and thus extends for the entire period during which plaintiff would otherwise have been entitled to a 15% interest in the partnership.

To the extent that reference to the "flip-flop" provision of the agreement of limited partnership raises an ambiguity in the assignment, the ambiguity must nevertheless be resolved in favor of plaintiff. Defendant Levy acknowledges that he was unaware of the "flip-flop" provision which, more than 17 years after the retainer agreement, would increase plaintiff's interest to 57.5%. It would be irrational to conclude, as urged by defendants, that the parties intended that the attorneys ultimately would hold the major interest in this limited partnership pursuant to a provision of which they had no knowledge. If it was the intention of the attorneys to accomplish that result, the onus was upon them to draft the agreement in language that would clearly convey that understanding to plaintiff *(see, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172, *supra).*

Beyond mere conclusory assertions of intent and understanding by plaintiff Brodsky and defendant Levy, the record presents no issue of credibility requiring resolution by a fact finder. While defendants, as an alternative argument, enumerate in their brief five "considerations" which they contend must be addressed in divining the intent of the parties, they identify "no factual inferences" to be drawn from those "considerations" *(Matter of Surrey Strathmore Corp. v Dollar Sav. Bank,* 36 NY2d 173, 177).

We conclude, therefore, that summary judgment must be granted to plaintiff declaring that defendants have a 14% interest in the limited partnership until the twentieth anni-

versary of the third installment, as that term is used in the agreement of limited partnership dated November 22, 1972, and that at such time defendants' rights under the assignment shall cease. (Appeal from judgment of Supreme Court, Monroe County, Siracuse, J.—declaratory judgment.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.