■ Zaz-Huff Incorporated et al., Appellants-Respondents, v Chase Manhattan Bank, N.A., Respondent-Appellant. [717 NYS2d 11] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 10, 2000, which granted defendant's consolidated motions for summary judgment dismissing the complaint to the extent of granting defendant summary judgment (1) dismissing all claims of the individual plaintiffs, and (2) dismissing all claims of the corporate plaintiffs except the sixth, seventh, eighth, and ninth causes of action insofar as based on certain bank accounts in their names

denominated on the monthly account statements as "Pension and Profit Sharing" and "Retirement Trust" accounts, unanimously modified, on the law, to grant defendant summary judgment dismissing the remaining claims as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint in its entirety.

Plaintiffs in this action, two married couples and their respective personal service corporations, seek to hold defendant bank liable for defalcations from Chase accounts of the corporate plaintiffs by the designated signatory for such accounts (Powers), the individual plaintiffs' former business manager and the corporate plaintiffs' former secretary-treasurer. During the relevant period (from 1985 to 1993), Powers was the only signatory for the accounts, except for one employee of his during part of that period, and only Powers or his employees dealt with Chase regarding the accounts. None of the individual plaintiffs ever dealt directly with Chase, and none ever provided their names, addresses or telephone numbers to Chase for any purpose in connection with the accounts. All account statements were sent to Powers' office, the only address for either corporation Chase was ever given, and Powers would provide plaintiffs with fraudulent quarterly account statements on his own stationery and, when plaintiffs asked to see bank statements, doctored photocopies of Chase's monthly statements. The accounts in question were ordinary corporate checking or money management accounts, although, of the several accounts, one was denominated on monthly statements as for "Pension and Profit Sharing," and another was denominated as for "Retirement Trust" funds. Plaintiffs contend that Chase should have been alerted to impropriety in Powers' management of the accounts, and taken steps to stop it, by reason of his frequent overdrafts on certain of the accounts. It is undisputed that Chase was aware of the overdrafts, and contacted Powers about them, as they occurred, up until shortly before his ultimate arrest.

The motion court correctly granted Chase summary judgment dismissing the claims of the individual plaintiffs, based on Chase's uncontradicted evidence that it had no record of any accounts in the names of any of the individual plaintiffs. The motion court also correctly ruled on the motion to the extent it granted Chase summary judgment dismissing the claims of the corporate plaintiffs, substantially for the reasons stated in its decision.

We modify, however, to grant Chase summary judgment to

the further extent of dismissing as well the corporate plaintiffs' causes of action insofar as based on the two bank accounts denominated as "Pension and Profit Sharing" and "Retirement Trust" accounts. "A bank is not in the normal course required to conduct an investigation to protect funds from possible misappropriation by a fiduciary, unless there are facts * * * indicating misappropriation," in which case the bank "may be liable for participation in the diversion, either by itself acquiring a benefit, or by notice or knowledge that a diversion is intended or being executed" (*Matter of Knox*, 64 NY2d 434, 438 [citations omitted]). The fact that the ordinary corporate accounts in question had been unilaterally denominated as purportedly relating to "Pension and Profit Sharing" and "Retirement Trust" funds did not give Chase notice that the accounts were actually fiduciary in nature, since the use of such labels is not dispositive in determining whether a fiduciary relationship actually exists (*see, Matter of Surrey Strathmore Corp. v Dollar Sav. Bank*, 36 NY2d 173, 176; *Frouge Corp. v Chase Manhattan Bank*, 426 F Supp 794, 797 [SD NY]; *In re Schick*, 234 Bankr 337, 344-345 [SD NY]). Moreover, plaintiffs have failed to adduce any evidence of overdrafts against these accounts, or of any other suspicious activity in such accounts that would have put Chase on notice of possible impropriety, that could support application of the principle stated in *Matter of Knox* (*supra*). Accordingly, Chase is entitled to summary judgment dismissing the complaint in its entirety. Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.