■ JOHN SYLLMAN, Appellant, v AKRAM NISSAN et al., Respondents. [794 NYS2d 351]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 16, 2004, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

The first and third causes of action are barred by collateral estoppel and res judicata. A previous lawsuit in Queens County against defendant 67-25 Dartmouth Street Corp. was decided in favor of the corporation. The instant action against the corporation and its board of directors, individual members and at-

torneys alleges conduct arising out of the same dispute that gave rise to the Queens County claims. Plaintiff has failed to allege any specific conduct at issue in this action that was not previously litigated (*Lanzano v City of New York*, 202 AD2d 378 [1994], *lv denied* 83 NY2d 760 [1994]). The addition of defendants in this action, all of whom are in privity with the corporation, does not circumvent the legal doctrines that preclude these claims (*Buechel v Bain*, 97 NY2d 295 [2001]).

The second cause of action, for malicious prosecution, is barred by the statute of limitations since the underlying lawsuits were terminated more than one year before plaintiff commenced the instant action (CPLR 215 [3]). The fourth cause of action does not sufficiently plead a claim for abuse of process since it does not allege improper use of process after its issuance. A malicious motive in commencing an action is insufficient to support such a claim because "the institution of a civil action by summons and complaint is not legally considered process capable of being abused" (*Curiano v Suozzi*, 63 NY2d 113, 116 [1984]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.