■ GUY ROBERTS, Plaintiff, v 112 DUANE ASSOCIATES LLC et al., Defendants, and MERCHANTS BANK OF NEW YORK, Respondent. 112 DUANE ASSOCIATES LLC et al., Third-Party Plaintiffs-Appellants-Respondents, et al., Third-Party Plaintiffs, v ABRA CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents-Appellants. [821 NYS2d 33]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 21, 2004, which, inter alia, granted third-party defendants' motion to dismiss the third-party complaint, denied third-party plaintiffs' cross motion to dismiss certain third-party counterclaims pursuant to CPLR 3211 (a) (4), and granted cross motions to dismiss third-party counterclaims for unjust enrichment, abuse of process, malicious prosecution and the cause of action for conversion asserted against Merchants Bank, unanimously modified, on the law, to the extent of reinstating the third-party claim for tortious interference as against Abra Construction Corp., and, in the exercise of discretion, extending leave to replead as against the individual third-party defendants and consolidating pursuant to CPLR 3211 (a) (4) the Abra 2002 complaint (Index No. 603260/02) with the extant third-party counterclaims, and otherwise affirmed, without costs.

In this action emanating from the alleged breach of a condominium construction contract, the motion court properly dismissed the third-party claim for aiding and abetting fiduciary breach because plaintiff was not a partner or other fiduciary (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]), as counsel for third-party plaintiffs conceded in open court (*see Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94, 103 [1996]). We note that even plaintiff's claimed bonus "equity kicker" would not have made him a partner absent an agreement to share in partnership or joint venture losses (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 298 [2003]; *Chanler v Roberts*, 200 AD2d 489, 491 [1994], *lv dismissed in part and denied in part* 84 NY2d 903 [1994]). Absent any fiduciary duty, it is unnecessary to address whether it was sufficiently alleged that third-party defendants had the requisite knowledge or rendered substantial assistance regarding plaintiff's alleged breach.

With respect to the cause of action for aiding and abetting tortious interference with contract, the motion court correctly understood that a January 2002 "so ordered" stipulation in writing was an independent contract whose construction was subject to settled principles of contract interpretation (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]). However, it was error to dismiss said cause of action since the allegation regarding the violation of the "no disparagement" clause in the stipulation sufficed to state a cause of action for aiding and abetting tortious interference. Accordingly, we reinstate that claim against Abra Construction, and grant leave to replead that cause of action against the Dillenbergers.

It is clear that Abra's 1998 and 2002 actions and its instant third-party counterclaims all emanate from the same transaction and seek related recoveries, albeit on different theories. Where dismissal is sought based on the pendency of another action, the first-in-time rule would ordinarily be a factor in determining whether dismissal is appropriate, but it is not necessarily dispositive (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90 [1997]). Moreover, such rule is most frequently applied where the other actions have been commenced in other jurisdictions, thus implicating considerations of comity and raising questions of forum shopping (*see e.g. Continental Ins. Co. v Garlock Sealing Tech., LLC*, 23 AD3d 287 [2005]; *Certain Underwriters at Lloyd's, London v Hartford Acc. & Indem. Co.*, 16 AD3d 167 [2005]; *San Ysidro Corp. v Robinow*, 1 AD3d 185 [2003]). However, the third-party counterclaims here raise questions only of judge shopping among justices of the same court. Under the circumstances, we exercise our independent discretion to consolidate the 2002 Abra action with its third-party counterclaims to retain the viability of those counterclaims (*see Security Mut. Life Ins. Co. of N.Y. v DiPasquale*, 271 AD2d 268, 269 [2000]; *MediaAmerica, Inc. v Rudnick*, 156 AD2d 174 [1989]).

The third-party counterclaim for unjust enrichment was properly dismissed in the absence of a bona fide dispute regarding the existence, enforceability or scope of the contract (*cf. American Tel. & Util. Consultants v Beth Israel Med. Ctr.*, 307 AD2d 834 [2003]). The third-party counterclaims for abuse of process and malicious prosecution were also properly dismissed. As to the first, the nonparty subpoena issued by third-party plaintiffs prior to commencing the third-party action against Abra, while procedurally improper at the time, was properly viewed by the motion court, in denying the Abra parties' motion to quash and converting the subpoenas to discovery notices, as a harmless infraction. This was appropriate in light of the temporal proximity of Abra's 2002 action and the commencement of the third-party action against it, and the Abra parties' assertion of the third-party counterclaims shortly thereafter. The motion court also correctly determined that the filing of the third-party complaint could not serve as a basis for an abuse-of-process claim, since the institution of an action is not process capable of being abused, regardless of third-party plaintiffs' motives (*see Curiano v Suozzi*, 63 NY2d 113, 116-117 [1984]; *Syllman v Nissan*, 18 AD3d 221 [2005]). As to malicious prosecution, the third-party counterclaims lacked the requisite allegation of special damages (*see Engel v CBS, Inc.*, 93 NY2d 195, 201-203 [1999]). The third-party counterclaim for conver-

sion was properly upheld as against the individual third-party defendants based on the allegations of their misconduct, which were not duplicative of the counterclaims regarding the contractor's lien and underlying contract (cf. *Melcher v Apollo Med. Fund Mgt. L.L.C.*, 25 AD3d 482 [2006]; *Richbell Info. Servs.*, 309 AD2d at 306). The conversion claim against the bank was not viable. There were insufficient allegations that would permit the inference that the bank had knowledge of its manager's alleged acceptance of bribes to assist in improper transactions, and the bank was under no obligation to investigate for possible misappropriations by the trustees of the claimed Lien Law trust funds (*see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.]*, 64 NY2d 434, 437-438 [1985]; *Zaz-Huff, Inc. v Chase Manhattan Bank*, 277 AD2d 59, 61 [2000]; *Aetna Cas. & Sur. Co. v Lafayette Natl. Bank of Brooklyn in N.Y.*, 35 AD2d 137, 141 [1970], *affd* 30 NY2d 638 [1972]). Nor may liability be imposed against the bank under the principle of respondeat superior because its manager's alleged criminal conduct is so gross a departure from normal performance that it cannot be considered to have been within the scope of his employment (*see Heffernan v Marine Midland Bank*, 267 AD2d 83, 84 [1999]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.