Shawe v Elting (2018 NY Slip Op 03644)





Shawe v Elting


2018 NY Slip Op 03644


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Moulton, JJ.


6627 153375/16

[*1]Philip Shawe, Plaintiff-Appellant,
v
Elizabeth Elting, et al. Defendants-Respondents.


Alan M. Dershowitz, Cambridge, MA, of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, for appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Jeffrey S. Trachtman of counsel), for respondents.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 25, 2017, dismissing the action with prejudice, and bringing up for review an order, same court and Justice, entered June 30, 2017, insofar as it granted defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint, unanimously affirmed, with costs.
Plaintiff Philip Shawe (Shawe) has failed to plead any malicious prosecution claim. Neither in his complaint nor in the reworked theory presented in his appellate brief does he identify any proceeding favorably terminated for purposes of a malicious prosecution claim (see Facebook, Inc. v DLA Piper LLP (US), 134 AD3d 610, 613 [1st Dept 2015], lv denied 28 NY3d 903 [2016]). In his complaint, Shawe alleges that defendant Elizabeth Elting (Elting) and the attorney defendants herein commenced the underlying action (the 2014 action) (seeking removal of Shawe as a director in the principals' corporation) in Supreme Court, New York County, and obtained a TRO and sought a preliminary injunction based on trumped-up claims of a payroll crisis which they knew was not really an emergency. The complaint is clear in alleging that the TRO, which was ultimately vacated, and the preliminary injunction application, which was ultimately denied, were the "proceeding" which was terminated in favor of Shawe, giving rise to his cause of action for malicious prosecution. This theory suffers from two insurmountable defects. In the first place, a ruling on an interim or preliminary application, being non-final, does not constitute a "proceeding" for purposes of maintaining a malicious prosecution claim (see Hudson Val. Mar., Inc. v Town of Cortlandt, 79 AD3d 700, 703 [2d Dept 2010]). Moreover, if the "favorable termination" was the denial of Elting's preliminary injunction motion, which occurred in August 2014, then Shawe's malicious prosecution claim, brought in 2016, is time-barred under the applicable one-year limitations period (see CPLR 215[3]; Syllman v Nissan, 18 AD3d 221, 222 [1st Dept 2005]).
Shawe's new theory is that the "proceeding" is the breach of fiduciary duty claim which Elting first brought in the 2014 action. That claim, with the rest of the 2014 action, was stayed in September 2015, with the understanding that it would be resolved in related litigation in Delaware (the Delaware action), where it was asserted by Elting. Elting ultimately dropped her fiduciary duty claim in the Delaware action. Shawe thus contends that Elting's fiduciary duty claim was the "proceeding" which terminated in his favor when she withdrew it in Delaware.
This theory is meritless. In the first place, Shawe provides no authority for the idea that a single substantive claim, traveling from one state court to another in multiple proceedings amidst a host of other claims, can constitute a "proceeding" for purposes of a malicious prosecution claim. To the contrary, "the falsity of one allegation of a complaint does not support" a claim for malicious prosecution "where there existed probable cause for the underlying action as a whole" (Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 270 [1st Dept 2005]). If anything, viewed as a whole, Elting won the Delaware action, since she was awarded relief while all of Shawe's [*2]claims were denied. Moreover, even parsing out the single fiduciary duty claim, the chancellor in the Delaware action went out of his way to state that he was making no finding on the merits of that claim, other than to note that he had found Elting's claim to be colorable at an earlier stage of the litigation.
The granting of the TRO in the 2014 action likewise militates against any finding of lack of probable cause (see Hornstein v Wolf, 67 NY2d 721, 723 [1986]; Facebook, 134 AD3d at 614). Moreover, when the preliminary injunction motion was finally denied, it was only because Supreme Court found that Elting had failed to make a showing of irreparable harm. The motion court expressly noted that, due to the lack of irreparable harm, it was not reaching the issues of Elting's "likelihood of success on the merits and balancing of the equities."
Hence, viewed in their entireties, the records in both the 2014 action and in the Delaware action conclusively dispose of any finding of lack of probable cause on Elting's part: Elting was granted a TRO in the 2014 action, and was ultimately denied preliminary injunctive relief without any finding on the merits. In the Delaware action, the court noted that it was not passing on the merits of Elting's breach of fiduciary duty claim, noting only that she had withdrawn it, while emphasizing that it had found the claim to be "colorable" at an earlier stage of the proceeding. Finally, viewing the Delaware action — the final forum for the merits of the parties' claims — as a whole further compels the conclusion that Shawe cannot establish any lack of probable cause, because Elting can only be viewed as the victor in that case.
Moreover, our rulings in Elting v Shawe (129 AD3d 648 [1st Dept 2015]) and Elting v Shawe (136 AD3d 536 [1st Dept 2016]), in which we held that the payroll access and corporate ownership assertions, made in support of the TRO and preliminary injunction applications in the 2014 action, were not material, collaterally estop Shawe from relying on those misstatements. Since those misstatements form the entire basis of Shawe's current malicious prosecution claim, collateral estoppel constitutes a second, independent basis for dismissal of that cause of action.
The payroll access misstatements likewise form a substantial portion of Shawe's current claim for violation of Judiciary Law § 487. Given especially that Elting was granted a TRO, the payroll access misstatements, which we have determined to be immaterial, "were not sufficiently egregious to support this claim" of § 487 violation (Mintz v Rosenberg, Minc, Falkoff & Wolff, LLP, 53 Misc 3d 132{A} [App Term 1st Dept 2016]). Shawe's allegations that the attorney defendants deceptively backdated a retainer agreement primarily relates to privilege assertions in the Delaware action, and not in New York, and, as such, is not actionable under § 487 (see Doscher v Manatt, Phelps & Phillips, LLP, 148 AD3d 523, 524 [1st Dept 2017]). The remaining basis of Shawe's claim under § 487 — the allegedly knowing filing of a baseless defamation counterclaim — is a "single alleged act of deceit ... not sufficiently egregious to support a claim under" § 487 (Strumwasser v Zeiderman, 102 AD3d 630, 631 [1st Dept 2013]).
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK